## Walsh, Appellant, v. Kirby.

*Partnership—Service of process—Sheriff's return.*

1. Where an action is brought against two persons named trading as a partnership, the return of the sheriff is good where he states that he served the writ upon one of the defendants, naming him by name, as "general manager, and one of the defendants." In such a case the words "general manager" may be considered as surplusage.

2. In an action against a partnership the service of the writ is good for the purpose of binding the partnership property and assets if made upon one or more of the partners. If, however, it is sought to hold not only the partnership property, but the separate and personal estate of each individual partner, then the service must be made upon each partner.

Argued April 11, 1910. Appeal, No. 144, Jan. T., 1909, by plaintiffs, from order of C. P. Luzerne Co., Feb. T., 1908, No. 435, making absolute rule to strike off judgment in case of William P. Walsh and Loretta S. Walsh, his wife, v. F. M. Kirby and F. J. Weckesser, trading as F. M. Kirby & Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Rule to strike off judgment. Before HALSEY, J.
The opinion of the Supreme Court states the facts.

*Error assigned* was order making absolute rule to strike off judgment.

*R. B. Sheridan,* with him *E. A. Lynch, James H. Shea. James C. Murray* and *Rush Trescott,* for appellants.—The service was sufficient to bind the partnership property: Boyd v. Thompson, 153 Pa. 78; Meily v. Wood, 71 Pa. 488; Ross v. Howell, 84 Pa. 129; Paxon v. Beans, 3 Phila. 433; Lipewitz v. Siglin, 17 Pa. Dist. Rep. 655; Smoder v. Siglin, 17 Pa. Dist. Rep. 653; Hafer v. Guynan, 7 Pa. Dist. Rep. 21; Little v. Fairchild, 10 Pa. Superior Ct. 211; Taylor v. Coryell, 12 S. & R. 243; Grier & Co. v. Hood, 25 Pa. 430; Boyd v. Thompson, 153 Pa. 78; Harper v. Fox, 7 W. & S. 142; Grier & Co. v. Hood, 25 Pa. 430.

*F. W. Wheaton,* with him *W. J. Trembath,* for appellees.—There never was warrant of law for serving a partnership by serving an alleged "general manager" of the firm: Thomas v. Woolen Mills Co., 11 Kulp, 80.

OPINION BY MR. JUSTICE ELKIN, May 2, 1910:

This is an action in trespass against a partnership consisting of two members. Judgment for want of an appearance was entered under the rules of court. On a rule to show cause why the judgment should not be stricken off the learned court below held that the summons had not been properly served and the rule was made

absolute. The action is against the partners named
trading as a partnership. The sheriff made the follow-
ing return: "I hereby certify that on the 6th day of Jan-
uary, 1908, I served the within writ upon the within
named defendants, F. M. Kirby & Company, by hand-
ing to F. M. Kirby, General Manager (and one of the
defendants) for F. M. Kirby and Company a true and
attested copy of the within writ and making known to
him the contents thereof." The learned court below
held that there is no authority for making service upon
the general manager of a partnership and that the words
"and one of the defendants" do not mean a service upon
the defendant so named but were used as descriptive of
his position as general manager of the firm. We cannot
agree with this conclusion. At most the word "manager"
may be considered surplusage because the important fact
remains that the service was upon a partner, one of the
defendants, and the return was so made. The suit was
brought in the usual way against a partnership—the
purpose being to make the partnership liable in dam-
ages for the injuries alleged to have been suffered. The
weight of authority seems to be that the service of the
writ is good for the purpose of binding the partnership
property and assets if made upon one or more of the part-
ners. This is especially true if the partner served is in
the control and management of the business. It has
been frequently held in our state that a judgment con-
fessed by one partner in the firm name is good against
the firm property: Grier & Co. v. Hood, 25 Pa. 430;
Ross v. Howell, 84 Pa. 129. One partner may bind his
copartners, by an agreement not under seal, to refer any
partnership matter: Taylor v. Coryell, 12 S. & R. 243.
If the partnership property may be taken in execution
to satisfy a judgment confessed by a partner acting
within the scope of his authority we can see no good
reason why the partnership should not be bound by a
judgment obtained in an adverse proceeding when serv-
ice is made upon one of the partners. If a partner can

bind the partnership by confessing a judgment against the firm why may not the firm be equally bound if the judgment is obtained by adverse process and not by confession? As was said by Chief Justice GIBSON in Harper v. Fox, 7 W. & S. 142, "What matter it then whether the judgment has been obtained adversely or by confession if it be against the firm." We think it is clear on both reason and authority that service upon one or more members of a partnership in a suit instituted against the firm is a good service for the purpose of affecting the partnership with notice and in the event of recovery of binding the partnership property. Of course the personal and separate estate of a partner not served will not be bound by the judgment recovered against the partnership. If it is sought to hold not only the partnership property but the separate and personal estate of each individual partner then the service must be made upon each partner. In other words, the individual and separate estate of a partner is not bound by a judgment against the partnership unless personal service of the writ is made upon the partner whose property is sought to be bound. In the case at bar the sheriff returned that he had served the writ upon the defendants, F. M. Kirby & Company, by handing to F. M. Kirby, general manager (and one of the defendants), a true and attested copy of the writ and making known to him the contents thereof. It would be sticking in the bark to hold that this did not mean what it says. F. M. Kirby was a member of the firm and as such was a defendant and the return so states.

Judgment for want of an appearance in the present case is only conclusive of the right to recover. The actual damages, if any, must be ascertained and assessed in a proper proceeding when the record is remitted to the court below.

Order making the rule absolute is reversed, judgment reinstated and record remitted for the purpose of having the damages ascertained and assessed.