ROMONA OÖLITIC STONE CO. v. BOLGER et al.

(Circuit Court, D. Pennsylvania. June 13, 1910.)

No. 844.

1. JOINT-STOCK COMPANIES (§ 15*)—PARTNERSHIP ASSOCIATIONS—LIABILITY OF MEMBERS.

Members of a Pennsylvania partnership association are not individually liable for its debts.

[Ed. Note.—For other cases, see Joint-Stock Companies, Cent. Dig. § 12; Dec. Dig. § 15.*]

2. JUDGMENT (§ 379*)—OPENING—ASSOCIATIONS—SUITS AGAINST MEMBERS.

A judgment against individuals, obtained on the theory that on account of improper formation of a partnership association they were liable as general partners, will be set aside at the instance of members who had no notice of the suit, and who did not authorize the attorney who accepted service and appeared, though no defense to the merits of the claim is set up; they being entitled to show that the company was a partnership association, for whose debts they are not individually liable.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 717, 718; Dec. Dig. § 379.*]

3. PARTNERSHIP (§ 204*)—SUITS AGAINST—SERVICE.

Ordinarily, on suit against a partnership, all members must be served to make them individually liable; but service on one member expressly or impliedly authorized to represent the rest binds them.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 376–381; Dec. Dig. § 204.*]

Action by the Romona Oölitic Stone Company against John J. Bolger and others, partners as John J. Bolger Stone Company, Limited. On rule to open judgment. Rule made absolute, and judgment opened as to petitioners Frank Heavner and others.

Guilliaem Aertsen, Jr., and Francis Rawle, for plaintiff.
J. Morris Yeakle, for petitioners.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. The plaintiff sued upon a contract that was apparently made by the John J. Bolger Stone Company, limited, a partnership association under the Pennsylvania statutes. In such an association, if it has been properly formed, the members are not individually liable for the debts. Believing, however, that it had been improperly formed, and therefore that the members were liable as general partners, and that the association was liable as an ordinary firm, the plaintiff brought the present suit, not against the association, but against the individual members, naming them as individuals, and further describing them as "copartners trading as the John J. Bolger Stone Company, Limited." The writ was not served upon any of them, but service was accepted and appearance "for the defendants" was entered by Charles D. McAvoy, an attorney who signed his name on the writ as "attorney for J. Bolger Stone Company." Trial was had, followed by a verdict and judgment for the plaintiff. Within a short time afterwards, three of the defendants obtained this rule to open the judgment as to them; each petition containing the following averments:

"Your petitioner had no knowledge or notice of the issuance of the summons in said suit, or of the filing or the existence of the statement of claim therein, or of the filing or existence of the affidavit of defense referred to, or of the rule to plead, or plea filed in said suit, or of the intermediate or subsequent steps in the pleadings or trial of said suit. Your petitioner had no knowledge or notice that any suit was pending against him, or that he was individually charged, or was about to be individually held responsible for the claim laid in said suit. He had no notice or knowledge of the trial of said suit, or the rendition of said verdict, or the entry of judgment thereon, until May 20, 1910, since which time he has made prompt effort to have the said judgment opened and to be admitted to a defense.

"Your petitioner never authorized, directly or indirectly, Charles D. McAvoy to accept service of the summons or the statement of claim in said suit on behalf of your petitioner, individually or as a general copartner with any or all of the defendants in said suit, or to file an affidavit of defense, or to file a plea, or to appear at trial on behalf of your petitioner as an individual or as a general copartner with any or all of said defendants, and every step taken by said Charles D. McAvoy in said proceedings, so far as it concerns your petitioner, either individually or as a general copartner with said defendants, was without authority from your petitioner."

No defense on the merits was set up to the plaintiff's claim against the limited partnership, but the petitioners assert that they are not individually liable, averring that the association was properly organized, and denying that they, either personally or by agent, had entered into any contract with the plaintiff, or had received any individual benefit therefrom. Depositions were taken, and it was clearly shown that the allegations contained in the paragraphs quoted are true.

Under such circumstances, I regard it as beyond question that the judgment must be opened. Ordinarily, when a partnership is sued, all the members must be served, or they will not be individually liable upon the judgment. The partnership itself may, perhaps, be brought into court by summoning only one of its members; but the individual members can only be bound by a suit of which they have individual notice. This is the general rule; but, of course, if one member has authority to represent the rest for the purposes of the suit—whether such authority be express or implied, general or specific—service

upon him alone may bind the others; but this result follows because he is their agent ad hoc, and his act is therefore binding upon his principals. Here, however, there was no such authority, so far as the three petitioners are concerned; and it hardly seems to be an arguable proposition that they cannot be bound by a judgment rendered in a suit of which they had no notice or knowledge, either actual or constructive. Walsh v. Kirby, 228 Pa. 194, 77 Atl. 452.

That they have no defense on the merits of the contract between the plaintiff and the limited association is not important. They do have a defense to the enforcement of individual liability to satisfy a suit upon that contract, and upon this question they have a right to be heard. They deny that the organization of the association was improper, so as to subject them to liability as general partners, and upon this dispute they have never had an opportunity to present their case. To refuse this application would violate the fundamental rule that no tribunal in an English-speaking country will cast a man in damages unless he has had notice and an opportunity to be heard.

The rule is made absolute, and the judgment is opened as to the petitioners, Frank Heavner, Michael F. Lawler, and Richard Bates, Jr. (or Richard H. Bate, Jr.).