### BEAVER BOARD COS. v. IMBRIE et al.

### SMITH et al. v. SAME.

District Court, S. D. New York.
March 2, 1922.

See also 275 F. 431, 437; 282 F. 654; 287 F. 158; 288 F. 552; 296 F. 670.

McAdoo, Cotton & Franklin, of New York City, for Beaver Board Cos.

Zalkin & Cohen, of New York City, for receivers.

Ferris, Shepard, Joyce & McCoy, of New York City, for defendant Charles G. West, Jr.

Cadwalader, Wickersham & Taft, of New York City (Edwin P. Grosvenor and Paxton Blair, both of New York City, and Barton Corneau, of Boston, Mass., of counsel), for defendants Kendall and Minot, appearing specially.

MANTON, Circuit Judge.

The defendants Kendall and Minot appear specially here and plead to the jurisdiction of this court. Originally and on March 3, 1921, receivers in equity were appointed in the above-entitled cause to conserve the assets of the defendant herein named. All of the defendants were partners doing business under the name of Imbrie & Co. Kendall and Minot were members of the firm. An application is made to direct the individual partners to turn in to this estate their individual property, and the defendants Kendall and Minot, who reside in Massachusetts, now enter a plea to the jurisdiction of the court. It is their contention that they were not personally served and that this court has no jurisdiction to direct them to turn over to the estate of the copartnership their individual properties. When the bill of complaint herein was filed against the defendants as copartners, they all appeared without reservation or limitation and submitted to the jurisdiction of the court through attorneys, Rabenold & Scribner, Esqs. In December, 1921, when one of the creditors instituted a proceeding to compel the individual defendants to turn over their individual property to the firm, objection was made to the jurisdiction of the court. The authority of the firm of Rabenold & Scribner to act for the individual defendants is stated by one of them in a letter dated December 8, 1921, addressed to Cadwalader, Wickersham & Taft, in which Mr. Rabenold says:

"I received no direct or express instructions from either the defendant William Minot or the defendant Waldo S. Kendall to act for them, either individually or otherwise, but acted solely upon the direct and express instructions from said James Imbrie and pursuant to such instructions filed or caused to be filed an answer in said suit in behalf of the firm of Imbrie & Co. and in so doing relied wholly upon my authority aforesaid, and intended to act only for and on behalf of said firm of Imbrie & Co."

At common law, as well as under the statutes of this state, the partnership property must first be used to pay the debts of the partnership, and if that be insufficient, the individual property may be taken by the creditors. When a party is not within the jurisdiction of the court and is not served with process and does not voluntarily appear in answer to the suit, by himself or his attorney, judgment cannot be enforced against him out of the local jurisdiction. D'Arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648.

It is conceded that Kendall and Minot were not served with process in this jurisdiction and their appearance in the action is not a general appearance for them individually, but is one for the partnership only, and counsel who appeared have expressly negatived the claim of personal representation. One partner cannot bind another partner by appearance in a litigation. Hall v. Lanning, 91 U. S. 160, 23 L. Ed. 271. An appearance may be entered to prevent a judgment or force a judgment against the partners as partners or prevent any levy on partnership property or on funds in the hands of trustees or to defend against proceedings in the nature of proceedings in rem against partnership property, or for other similar purposes. Such an appearance is to protect the rights and interests of the partnership so far as involved in the particular suit. Phelps v. Brewer, 9 Cush. (Mass.) 390, 57 Am. Dec. 56; Bean v. Mather, 1 Daly (N. Y.) 440.

Attorneys authorized by one partner cannot bind the partners as individuals, and such appearance is not binding upon a partner who is in another jurisdiction. Ordinarily, when a partnership is sued, all the

members must be served or they will not be individually liable upon the judgment. The partnership itself may perhaps be brought into court by summoning only one of its members, but the individual members can only be bound by a suit of which they have individual notice. Romona Oölitic Stone Co. v. Bolger (C. C.) 179 F. 979. Of course, there is the general rule that if one member has authority to represent the rest for the purpose of the suit, whether such authority be expressed or implied, general or specific, service upon him alone may bind the others. This follows because he is authorized to act. I think the question raised by Kendall and Minot may properly be raised at this time in the proceeding. The order here seeks to bring them in individually. That they object to. It may well be that they could have no objection to being brought in as partners. Bringing in the copartners as defendants and limiting the right to obtain the property to co-partnership property does not hold at the same time that a partnership is a separate entity. Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. Such is not the case. All the court can administer is such property as is within its jurisdiction. Here the individual defendants reside without the jurisdiction. The individual property is sought to be brought into the estate. This can only be accomplished by due service in these proceedings within the jurisdiction where they reside or by a separate proceeding within such jurisdiction.

The motion is denied as to the defendants Kendall and Minot.