# Hirsch *v.* Samulan et al., Appellants.

A transcript and appeal from a judgment in assumpsit before a magistrate was entered in the Municipal Court by the defendant. Later a second transcript was filed by some person other than the defendant, in which the caption of the suit was amended by adding three additional defendants, naming them all as co-partners. No notice to or service on the added parties was given. A statement was filed, to which the original defendant filed an affidavit of defense within the time required by law. Judgment was entered against all the defendants for want of an affidavit of defense, which the court subsequently refused to strike off.

*Held:* The judgments should have been stricken off and the second transcript stricken from the record.

The affidavit of defense filed by the original defendant prevented judgment for want of an affidavit of defense from being entered against the partnership or the original defendant as an individual.

In a suit against a partnership, individual judgments cannot be entered against any partner who was not served with the summons.

In such a proceeding, it was error for the lower court to amend the record, by adding the additional parties defendant without service or giving them an opportunity to be heard. If the original transcript was a correct copy of the Magistrate's Docket, it could not be changed or amended in any respect in the court below and the attempt to do so was wholly irregular and invalid.

Argued December 12, 1927.  Appeals Nos. 369 and 370, October T., 1927, by defendants from decree of M. C., Philadelphia County, August T., 1926, No. 1423, in the case of Max J. Hirsch v. Harry K. Samulan and Karekin Samuelian, Mike Samuelian and Charles Samuelian.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit before a magistrate. Judgment for plaintiff and appeal by defendant to Municipal Court. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of an affidavit of defense. The rule was made absolute. Defendants appealed.

*Errors assigned,* among others, were the amendment of the record and the refusal to strike off the judgments.

*Paul Reilly,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., March 2, 1928:

These two appeals may be considered together.

On August 30, 1926, Harry K. Samulan or Samuelian filed in the Municipal Court a transcript of and appeal from the judgment of Magistrate Joseph S. O'Brien, of Magistrates' Court No. 7, under his hand and official seal, entered August 13, 1926, for $60.25 and costs, in an action wherein Max J. Hirsch was named as plaintiff and the said Harry K. Samulan was named and served as defendant. On June 25, 1927, somebody other than the defendant, but who it was does not appear, filed in the Municipal Court, to the same number and term, (1423 August Term, 1926), an alleged transcript of the docket of said Joseph S. O'Brien, Magistrate of Court No. 7, with respect to the action and judgment above referred to and appealed from, purporting to be signed by said Magistrate O'Brien, but not under his official seal, identical with the transcript filed in the Municipal Court on August 30, 1926, except that the caption of the suit read: Max J. Hirsch v. Harry K. Samuelian, Karekin Samuelian, Mike Samuelian, Charles Samuelian, copartners trading as Sanitary Tailoring Shop, 31 S. 60th Street; and on motion of somebody, but who does not appear, the court granted leave to amend the

record in the said action depending in said court, so that the caption read, Max J. Hirsch v. Harry K. Samuelan, *Hawkin* Samuelan, Mike Samuelan and Charles Samuelan, trading as Sanitary Tailor Shop.

It does not appear that any petition asking for this amendment was filed in the Municipal Court or that the defendant, Harry K. Samulan, had notice of the leave to amend, or that the other defendants named in the second transcript were notified of such action or of their names having been added as parties defendant to said suit. The record fails to show any such notice or service. The second transcript filed does not show that service of the summons was made on any of the parties whose names were thus added as defendants to the action.

On July 11, 1927, a plaintiff's statement was filed in said action. The record certified to us fails to show that a copy of this statement was served on any of the defendants, but on July 26, 1927 the defendant, Harry K. Samuelian filed an affidavit of defense thereto.

On September 22, 1927, judgment was entered against all the defendants, Harry K. Samuelian, Karekin Samuelian, Mike Samuelian and Charles Samuelian, for want of an affidavit of defense, which the court subsequently refused to strike off, and these appeals followed. The court should have struck off the judgments as irregular on their face.

As Harry K. Samuelian, the original defendant had filed an affidavit of defense within fifteen days after any possible service of the statement on him, judgment could not be entered against him for want of an affidavit of defense; and the judgment so entered was on its face erroneous and should have been stricken off on motion.

The second transcript does not set forth that any personal service of the summons was made on Kare-

kin (Hawkin) Samuelian, Mike Samuelian or Charles Samuelian, and as from that transcript, even if it had been regularly filed and the amendment properly allowed, and a copy of the statement served on them, it appeared that the defendants had been sued as copartners, the affidavit of defense of Harry K. Samuelian, one of the partners and apparently the only one served with the summons from the Magistrate, would be effectual to prevent judgment for want of an affidavit of defense against the copartnership, and no individual judgment could be entered against any partner not served with the summons: Walsh v. Kirby, 228 Pa. 194.

But the whole proceeding to amend the record was irregular.

If a mistake was made in the caption of the suit in furnishing the original transcript of the Magistrate's Docket, that could be rectified by a proper petition filed by the plaintiff, on which a rule could be granted and served on the defendants, and opportunity given them to be heard on the propriety of such amendment. In such case, after hearing, the transcript could be amended to correspond with the Magistrate's Docket.

But if the original transcript was a true and correct copy of the Magistrate's Docket, as had been certified by him under his hand and seal, it could not be changed or amended in any respect in the Municipal Court, and the attempt to do so was wholly irregular and invalid: Doerr v. Graybill, 24 Pa. Superior Ct. 321.

In either event, the judgments as entered must be stricken off.

Appeal No. 369, October Term, 1927—Judgment

against Harry K. Samuelian reversed, with a procedendo.

Appeal No. 370, October Term, 1927—Judgment against Karekin Samuelian, Mike Samuelian, and Charles Samuelian reversed, and the second transcript is ordered to be stricken from the record.