419 A.2d 1241

Richard N. CALLAHAN, Appellant,

v.

Robert J. KEEGAN, Frank A. Keegan, Hazardous Materials Publishing Co., Inc., Transportation Skills Program, Inc., XYZ Corp., John Doe, Individually and/or trading as John Doe Co. and Hazardous Materials Training Specialists, Inc.

HAZARDOUS MATERIALS TRAINING SPECIALISTS, INC. and Richard N. Callahan, Appellants,

v.

Robert J. KEEGAN, Frank A. Keegan, Hazardous Materials Publishing Company, Inc., Transportation Skills Program, Inc., XYZ Corporation and John Doe, Individually and/or trading as John Doe Company.

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed April 25, 1980.

H. Ronald Klasko, Philadelphia, for appellants.

Jay N. Abramowitch, Reading, for appellees.

Before SPAETH, CAVANAUGH and CIRILLO, JJ.*

CAVANAUGH, Judge:

On April 27, 1979, two suits in equity and petitions for preliminary injunction were filed. An examination of the captions reveal that both suits involve the same parties, the only difference being that Hazardous Materials Training Specialists, Inc. (HMTS) is a defendant in No. 1596 while the corporation is a plaintiff in No. 1597.

After commencement of these suits service was as follows: In No. 1956 service was made upon the defendant, HMTS, in Montgomery County serving its president, Richard N. Callahan (who was also the sole plaintiff in this action). Service was then made upon all of the other defendants in Berks County, Pennsylvania, through a procedure set forth in Pa. Rules of Civil Procedure, 1504(b)(1) which, however, as sought to be employed herein, is dependent upon effective service upon one of the principal defendants within the county in which the action was commenced.

In No. 1957 service was made upon Transportation Skills Program and Hazardous Materials Publishing Co., Inc. at their office in Montgomery County by serving Richard N. Callahan as sole officer or agent in charge of defendant's office (Callahan was also a co–plaintiff in this action).[1] Service was then made upon all of the other defendants in Berks County, Pennsylvania using the same procedure which is based upon the same condition as in No. 1596. Preliminary Objections were filed on behalf of all defendants raising, among other issues, the validity of the service upon defendants. The lower court found the service invalid and ordered it stricken. We need only address this issue. If the

---

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

1. Transportation Skills Program, Inc. and Hazardous Material Publishing Co., Inc. deny that they have offices in Montgomery County, and thus that Richard N. Callahan is an agent in charge of any office. A decision on this issue is not necessary to our disposition.

service upon Mr. Callahan as an executive officer of HMTS in No. 1596 and as an agent in charge of an office in No. 1957 is invalid, then it follows that the attempted service upon all other defendants is invalid also. In both of these cases we are concerned with the rules applicable to service of process upon corporate defendants. Service upon corporate defendants is governed by Pa.R.C.P. 2180(a) which provides in part:

> (a) Service of process within the county in which the action was commenced shall be made upon a corporation or similar entity by the sheriff of that county by handing an attested or certified copy of the process, as prescribed by Rule 1008.
>
>> (1) to an executive officer, partner or trustee of the corporation or similar entity; or
>>
>> (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity[.]

Unlike Pa.R.C.P. 2131(a) [2] (relating to service upon a partnership) and 2157(a) [3] (relating to service upon an unincorporated association), the provision governing service upon a corporation does not contain a provision which prohibits a plaintiff from being the "person" who is served as a defendant. Despite this discrepancy we have concluded that it is the intention of 2180(a) that service by a plaintiff upon himself as a corporate officer, or as a person in charge of a place of business of a corporation is void.

**2.** Service of process upon a partner or a registered agent, if any, of a partnership or upon an agent authorized by the partnership in writing to receive service of process for it or upon the manager, clerk or other person for the time being in charge of any regular place of business of a partnership shall be deemed service upon the partnership and upon each partner individually named in the action, provided the person served is not a plaintiff in the action (2131(a)).

**3.** Service of process upon an officer or a registered agent, if any, of an association or upon an agent authorized by the association in writing to receive service of process for it or upon the manager, clerk, or other person for the time being in charge of any place where such association regularly conducts any business or association activity shall be deemed service upon the association, provided that the person served is not a plaintiff in the action (2157(a)).

While noting the absence of the prohibition as contained in the partnership and unincorporated association service provisions, the commentator in Goodrich–Amram concludes that the type of service effected in this case is invalid, stating that in other jurisdictions it had been uniformly held ". . . that such an officer or agent having an interest in the action adverse to that of the defendant, cannot be served on behalf of the defendant."[4] In 19 Am.Jur.2d, Corporations, § 1468 Conflict of Interest, the principle is stated that, "Even though a person is within the terms of a statute, if his relation to the plaintiff or the claim in suit is such as to make it to his interest to suppress the fact of service, such service is unauthorized. For manifest reasons, an officer or agent of a corporation cannot commence an action against such corporation by serving himself with process.[5] While it is apparent here that notice reached the defendant in time to interpose its objections before suffering a default judgment, it should be observed that judgments by default are not the only mischief which might occur in such self–service situations. Rather, as the pleadings in this case suggest the device might be used to create venue in situations where it might not otherwise exist or it might unfairly facilitate service in cases where service on a truly adverse person might be more difficult to accomplish. It is not the existence of fraud or double dealing but the possibility thereof that demands that a plaintiff not be permitted to serve himself on behalf of a defendant. We subscribe to the language in an early case, which struck down service in a similar situation, wherein it was stated:

4. 7 Goodrich–Amram 2d § 2180(a):13.

5. The cases collected in 113 ALR at p. 131 dealing with service upon an officer or agent of a foreign corporation who has an interest in the action antagonistic to the interest of the corporation are on point. They indicate that it is well settled that such service is invalid although he is otherwise a competent person to receive service, stating further, "The most obvious and flagrant instance calling for the application of this principle is where the officer or agent who is served with process is the plaintiff in the action." 13 ALR 1, Foreign Corporation–Serving Processor 131, 132.

Of course we do not mean to intimate that any fraud was intended in this particular case; but we cannot assent to a proposition which, if established would afford such an easy mode of perpetrating frauds. *George v. American Ginning Co.*, 46 S.C. 1, 24 S.E. 41, 42 (1896).[6]

Appellant argues that to rule as we do is to engraft a provision onto Rule 2180(a) that is not present and that we must consider the omission of the prohibition as intentional since it is contained in the parallel rules relating to service upon partnerships and unincorporated associations. We do not agree. When Pa.R.C.P. 2131(a) was enacted it adopted an "entity" concept of a partnership and provided that service upon a partner (or certain other enumerated persons) shall be deemed service upon the partnership and upon each partner individually named in the action. Under common law principles, no partner could be personally liable unless he was personally served. 6 Goodrich–Amram 2d 580; *Walsh v. Kirby*, 228 Pa. 194, 77 A. 452 (1910); *Hirsch v. Samulan*, 93 Pa.Super. 49 (1927). In these circumstances, it was apparent that the rule should explicitly prohibit service upon the plaintiff since, unlike common law practice, he could receive service on behalf of his partners individually named. The provision for service in the case of unincorporated associations is patterned after the practice in actions against partnerships and thus contains the same provision prohibiting service upon one who is a plaintiff in the action.

Our conclusion that the service is invalid conforms with the Rules of Construction applicable to the Pennsylvania Rules of Civil Procedure. While Rule 2180 contains no explicit prohibition of a plaintiff serving himself when we examine the *object* of the rule (Pa.R.C.P. 127(c)(4), which is obviously to effectuate notice to a defendant that a suit is pending against the *consequences* of permitting a plaintiff to effectuate service upon himself (Pa.R.C.P. 127(c)(6)), it is apparent that it was not intended that this type of service be permitted. Moreover, it would seem that appellant's

**6.** *See also Atwood v. Sault Ste. Marie Light, Heat and Power Co.*, 148 Mich. 224, 111 N.W. 747 (1907); *Boston Acme Mines Development Co. v. Clawson*, 66 Utah 103, 240 P. 165 (1925).

470

contention would lead to an unreasonable result and, again, we may presume that such was not intended. Pa.R.C.P. 128(a).

Finally, we note that the limited case authority in Pennsylvania follows the principle that such patent conflict of interest service of process is invalid. In *Roberts v. Hurilko*, 5 Luzerne Legal Register Reports 217 (1901), the court concluded that, "To permit a plaintiff to deprive a defendant of his property, through the forces of law, by having process served upon himself, would be subversive of all justice". See, also, *Strack v. Drost*, 15 Luzerne Legal Register Reports 438 (1910); *Dukas v. Edwardsville Amusement Co.*, 50 Pa.D. & C. 622 (1943).[7]

Order affirmed.

---

**7.** Appellant also argues that since all defendants received actual notice and were not prejudiced, any defect in the service should be ignored. However, insistance upon proper service is a substantial right which we cannot ignore. If receipt of actual notice was the only requirement for effective service the whole scheme of rules for service would be rendered meaningless.