**Guinan v. Salvati**

*Thomas More Marrone,* for plaintiffs.
*Cheryl B. Wolf, for defendant.*

FIELD, *J.,* March 27, 1996—Plaintiffs, Cindy L. and Christopher Guinan, appeal this court's order of December 27, 1994, sustaining defendant's preliminary objections and striking plaintiffs' complaint. For the following reasons, said order was proper and should be affirmed.

This case arose from a motor vehicle accident on July 3, 1992, involving the plaintiffs and Barbara Edmonds, now deceased.[1] Suit was commenced by complaint on June 30, 1994. Service was made on July 12, 1994. Preliminary objections to plaintiffs' complaint were filed on October 7, 1994. On December 27, 1994,

---

1. Barbara Edmonds died on October 18, 1992, from injuries sustained in a second accident, unrelated to the accident at issue here.

the preliminary objections were sustained and plaintiffs' complaint was stricken.[2] Since it was not dismissed with prejudice, plaintiffs could have filed an amended complaint as of right within 20 days, pursuant to Rule 1028 of the Pennsylvania Rules of Civil Procedure. They did not.[3]

The preliminary objections were based on three grounds. The first basis was that the verification to the complaint was unsigned, in violation of Rule 1024(c), Pa.R.C.P. While this was a valid ground at the time that the objections were filed, the error was subsequently rectified by the submission of a substituted, signed verification.

The second ground asserted was that the appointment of Melanie Salvati as administratrix pendente lite was invalid due to insufficient notice to the decedent's next of kin. Plaintiffs have submitted an affidavit of service which states that a letter and copy of the petition to have Ms. Salvati appointed was served upon the de-

2. Procedurally, there has been some confusion in this case. Although this court's original order was signed on December 27, 1994, it was not entered on the court's docket until January 9, 1995. A motion for reconsideration was filed by the plaintiffs and granted by this court on February 10, 1995, but it was untimely since more than 30 days had elapsed since the original order had been entered, rendering this court's second order moot. Upon reflection, this court finds that even had the reconsideration been timely granted, the conclusion reached would have been the same.

3. It should also be noted that subsequent to the plaintiffs filing their notice of appeal on January 27, 1995, they filed a praecipe to enter a default judgment and defendants filed a motion to vacate same. Pursuant to Rule 1701 of the Pennsylvania Rules of Appellate Procedure, the filing of the appeal divested this court of jurisdiction over this matter unless and until the case is remanded for further proceedings. Hence all motions received have been held in abeyance.

cedent's father, James Edmonds Sr., by certified and regular mail. The certified mail was returned marked "unclaimed" after three tries, but the first class mail was not returned and, presumably, received by Mr. Edmonds. While this court finds that the decedent's family did have notice, mere failure to respond to the notice does not amount to explicit or tacit agreement. It is well established that a lack of response does not equal an affirmative act sufficient for renunciation 20 Pa.C.S. §3155; *cf. Brokans v. Melnick,* 391 Pa. Super. 21, 569 A.2d 1373 (1989), *allocatur denied,* 526 Pa. 626, 584 A.2d 310 (1990).

The third ground asserted was that, regardless of notice, the appointment of Ms. Salvati, an employee of plaintiffs' attorney, was void ab initio. Although the normal course to take when objecting to a choice of administrator would be to resort to the orphans' court, when a trial court is faced with an appointment which was void ab initio, said court may declare it invalid. *Brokans, supra* at 27, 569 A.2d at 1376.

Plaintiffs argue that they were entitled to petition for an administrator pendente lite, because a decedent cannot be sued absent a personal representative, and that in such a situation the person appointed need not be related. While plaintiffs are correct up to this point, their conclusion that they can appoint an employee of their attorney, is patently incorrect. Plaintiffs cite *Johnston, Administratrix v. Johnston, Executrix,* 71 D.&C.2d 745 (1975), for the proposition that it is not a violation of the Code of Professional Responsibility for counsel for the plaintiff to take out letters of administration in order to create a party defendant. Plaintiffs neglect to state that the court in *Johnston* went on to say that while such may not be an ethical violation per se, said counsel should not continue to represent

the plaintiff as such representation "does leave an appearance of impropriety." *Id.* at 747.

Plaintiffs state that a creditor may be appointed as a personal representative for the purposes of proceeding against an estate. This is correct. However, the plaintiffs herein are not creditors; they would not be creditors unless, and until, judgment is entered in their favor. There is clearly a conflict present here. Ms. Salvati, a paralegal in the employ of plaintiffs' attorneys, and who was served at their office, is obviously not unbiased.

Assuming arguendo, that Ms. Salvati could validly be the personal representative, the service of process made upon her at plaintiffs' counsel's office was invalid. *Callahan v. Keegan,* 277 Pa. Super. 465, 419 A.2d 1241 (1980). In *Callahan,* the Superior Court held that service by a plaintiff upon himself as an officer of the defendant corporation was void. Here, plaintiffs served Ms. Salvati at the office of plaintiffs' counsel. Indeed, it is obvious that Ms. Salvati was nominated as administratrix solely because she is an employee of plaintiffs' counsel, not because of any connection she had to the decedent. As the *Callahan* court explained:

"It is not the existence of fraud or double dealing but the possibility thereof that demands that a plaintiff not be permitted to serve himself on behalf of a defendant . . . . [S]uch patent conflict of interest service of process is invalid." *Id.* at 468, 419 A.2d at 1243.

Hence, the preliminary objections were properly sustained on the invalid service alone.

## CONCLUSION

For all of the above reasons, this court's order dated December 27, 1994, sustaining the defendant's preliminary objections, was proper and should be affirmed.