BUSHROD BUCK *vs.* ASHUELOT MANUFACTURING COMPANY & trustees.

It is not a sufficient service of a writ against a corporation to serve the same upon the plaintiff, as president of the corporation; and a default, which has been entered in an action in which the writ was thus served, will be stricken off by the court, of its own motion, whenever the facts are brought to its attention.

CONTRACT brought in this court against a manufacturing corporation and several persons summoned as trustees. The writ was served upon the defendants in February 1857, by leaving a copy with the plaintiff, the president of the corporation, as appears by the portion of the officer's return which is copied in the opinion. At May term 1862 the plaintiff moved that the defendants be defaulted; and Riley Watkins, one of the supposed trustees, who had not been discharged, objected to the entry of a default, for want of sufficient service on the defendants. *Dewey*, J. overruled the objection, and directed the defendants to be called; and Watkins alleged exceptions.

*H. L. Dawes & W. T. Filley*, for the trustee Watkins.

*N. L. Johnson,* for the plaintiff.

DEWEY, J. It is unnecessary to decide whether Riley Watkins, who had been originally summoned as a trustee of the principal defendants in this action, and who had long previously filed an answer denying having any goods, effects or credits in his hands, and whom the plaintiff was no longer seeking to charge as trustee, could, at this time, in his own right, raise any question whether the proper service had been made upon the principal defendants. But, independently of any such right on the part of Watkins, it seems to us that it is the duty of the

court to refuse to default a defendant, upon its appearing that he has not been legally summoned to appear in the case, and never has appeared. Upon inspecting the writ in the present case, it appears by the officer's return that the only service made upon the defendants was by leaving an attested copy of the writ with Bushrod Buck, the plaintiff in the action. This mode of service is said to be authorized by Rev. Sts. *c.* 90, § 43, in which it is provided that the service upon the corporation therein named may be made by leaving a copy of the writ " with the clerk, cashier, secretary, agent, or any other officer having charge of their business, and if there be no such officer found in the county, the service may be made on any member of the corporation." The officer here certifies that he " did not find a clerk, secretary, agent or any other officer having charge of the business of the within named Ashuelot Manufacturing Company, within my precinct; I therefore left an attested copy of the writ with Bushrod Buck, the president and a member of said Ashuelot Manufacturing Company."

A service thus made by giving a copy of the writ to the plaintiff was to no essential purpose a service on the corporation as defendants. The action might as well have proceeded without any service of the writ as on one of that character. The plaintiff had notice of the action, because he instituted it. The notice, to be effective, must be a notice to an adverse party. If there was no other agent or officer of the corporation except the plaintiff, it would seem to be the proper course to serve the process on some member of the corporation, and that member some other person than the plaintiff. In the present position of the case as to the service of the writ, the plaintiff is not entitled to have the defendants defaulted; and the fact of such want of service being brought to the notice of the court, and appearing from the return upon the writ, the court should refuse to default the defendants. *Craig* v. *Gisborne,* 13 Gray, 270. The default of the defendant which was entered is to be stricken off, and the case will stand for such further disposition as may be proper.