HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.

### GEORGE v. THE AMERICAN GINNING CO.
### BROWN v. THE SAME.

1. SERVICE—OFFICER OF CORPORATION.—Whenever an officer of a corporation accepts a power of attorney to sue such corporation, commences the action, and sues out a warrant of attachment against such corporation for his principal, he becomes *pro hac vice* the plaintiff, and service upon him as the officer of the corporation is practically the same as on the plaintiff.

2. OFFICER OF CORPORATION.—Where an officer of a corporation undertakes to commence an action against his corporation, he necessarily abandons for the time and occasion at least his position as officer or agent of such corporation.

3. IBID.—SERVICE OF SUMMONS.—An officer or agent of a foreign corporation cannot commence an action against such corporation by serving himself with the process or summons necessary to commence such action.

Before BUCHANAN, J., Beaufort, September 11, 1895. Reversed.

Actions by J. Carson George and Wm. C. Brown against The American Ginning Company, on notes, commenced July 30, 1895. Judgment for plaintiff. Defendant appeals.

*Messrs. Elliott & Elliott,* for appellant.

*Mr. Thos. Talbird,* contra.

March 9, 1896. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. These two cases were heard together, but while the principles upon which they depend are similar, the facts are not identical in the two cases, and hence it will be more convenient to consider them separately.

In the first named case, the plaintiff, who resides in the city of New York, by a formally executed power constituted William C. Brown, a resident of this State, her attorney in fact to commence this action, and to take all necessary steps to obtain a warrant of attachment against the property of the defendant company, which is a foreign corporation, doing business in the town of Beaufort, South Carolina. In pursuance of this power the said W. C. Brown, on the 30th. day of July, 1895, procured a summons and complaint to be issued in the name of the plaintiff against the defendant company, on a certain note alleged to have been executed by the defendant company in favor of the plaintiff; and on the same day sued out a warrant of attachment, which was levied upon the property of the defendant company, upon the ground that it was a foreign corporation, the power of attorney having been filed before the warrant of attachment was issued. The sheriff returned, that he had "served on the above named, the American Ginning Company, the summons and complaint in the action, by delivering copies thereof to W. C. Brown, treasurer, personally, and leaving the same with him." On the 11th. September, 1895, Messrs. Elliott & Elliott, signing themselves "defendant's attorneys for the purposes of this motion only," served a notice on Mr. Talbird, as plaintiff's attorney, in which it was expressly stated that they appeared only for the purposes of this motion; that they would move before his honor, Judge Buchanan, at a specified time and place, "to set aside the service of the summons and complaint in this action upon

the grounds: 1st. Because the affidavit upon which the attachment was issued was sworn to before . the plaintiff's attorney, and the justification of the sureties on the undertaking was made before him. 2d. That the service of the summons was irregular, in that it was made on the attorney in fact of the plaintiff, who acted for plaintiff in procuring the issue of the writ of attachment as manager of the defendant corporation." It was admitted at the hearing of this motion, "that Wm. C. Brown, upon whom the summons and complaint were served, was the same Wm. C. Brown who was the attorney in fact of the plaintiff." The motion was refused by Judge Buchanan, and he, on the same day, rendered judgment by default against the defendant company.

From this judgment, as well as from the refusal of the motion to set aside the service of the summons and complaint and to discharge the attachment, defendant appeals upon the following grounds: "Because the service of the summons upon William C. Brown, as an officer of the defendant corporation, he being at the same time the attorney in fact of the plaintiff for the commencement and prosecution of the action, was not a sufficient service of the summons upon the corporation."

If, as distinctly appears in the "Case," Wm. C. Brown was acting as attorney in fact of the plaintiff, in commencing this action and suing out the warrant of attachment, he was *pro hac vice* the plaintiff, and, therefore, the service upon him was practically the same as if the papers had been served upon the plaintiff in her own proper person; for, under the express terms of the power of attorney set out in the "Case," he, in commencing this. action, was acting in the "name, place, and stead" of the plaintiff, and for her, and in her name, he signed, sealed, acknowledged, and delivered "any and all necessary instruments, undertakings, and other writings," for the purpose of attaching the property of the defendant company. The fact that he was the treasurer of the defendant corporation cannot affect the question, for when he undertook as the

attorney in fact of the plaintiff to commence this action, he necessarily abandoned, for the time and occasion at least, his position as an officer or agent of the defendant company, for the two positions then became entirely inconsistent and incompatible, involving different and conflicting rights and duties.

The question then resolves itself into an inquiry whether a person can legally commence an action against a foreign corporation, of which he happens to be an officer or agent, *by serving himself with the process or summons necessary to commence such action.* So far as we are informed, there is no authority in this State upon the point; and we do not think any is needed to show that such a proposition, so utterly at variance with any proper conception of the due and orderly administration of justice, cannot for a moment be entertained. To concede such a proposition would open the door to the grossest fraud, which would be a reproach to the administration of justice. Of course, we do not mean to intimate that any fraud was intended in this particular case; but we cannot assent to a proposition which, if established, would afford such an easy mode of perpetrating frauds. Counsel for appellant has, however, cited us to two cases from other States which seem to support fully the view which we have adopted. *Buck* v. *Ashuelot Manfg. Co.*, 86 Mass., 357, and *Rehm* v. *German Ins. & Sav. Institution*, 25 N. E. Rep. (Ind.), 173.

We think, therefore, that the Circuit Judge erred in refusing the motion to set aside the service of the summons and complaint in this action, and consequently that he erred in refusing to vacate the attachment, as well as in rendering judgment for the plaintiff.

In the second case above stated, the plaintiff, W. C. Brown, undertook to commence an action against the defendant company to recover the amount due on two notes which he claimed to hold against said company, by having himself, as treasurer of said company, personally served with copies of the summons and complaint, and on the same day pro-

curing a warrant of attachment to be issued, which was levied upon the property of said company. A similar notice of motion was made in a similar manner to set aside the service of the summons and complaint, and to vacate the attachment. Judge Buchanan granted an order refusing to set aside the service and complaint, but granted the motion to discharge the attachment, and on the same day rendered judgment by default in favor of the plaintiff against the defendant.

From this judgment, as well as from so much of the order as refused the motion to set aside the service of the summons and complaint, defendant appeals, upon the ground that the service upon said Brown, as an officer of the defendant corporation, he being the plaintiff in the action, was not a sufficient service upon said corporation.

It does not appear from the "Case," as prepared for argument here, upon what ground the Circuit Judge granted the motion to vacate the attachment, and, at the same time, refused the motion to set aside the service of the summons and complaint; but as there is no appeal from so much of the order as vacated the attachment, we need not consider that matter further. For the reasons given in considering the appeal in the first case, we think that the Circuit Judge erred in refusing the motion to set aside the service of the summons and complaint in this case; and that being so, it follows that he erred in rendering judgment against a party who had not been properly made a party by legal service of a summons.

The judgment of this court is, that in the case first above stated, the order of the Circuit Judge refusing the motion to set aside the service of the summons and complaint, and to vacate the attachment and rendering judgment therein, be reversed; and in the second case above stated, the judgment of this court is, that so much of the order of the Circuit Judge as refused the motion to set aside the service of the summons and complaint, as well as the judgment rendered in the second case, be reversed.