0144

MYRTLE BEACH LUMBER COMPANY, INC., Appellant, v. GLOBE IN-
TERNATIONAL CORPORATION, Richard D. Helms and Ada D. Helms,
Respondents.

(315 S. E. (2d) 142)

Court of Appeals

*Joseph F. Singleton,* of *Cross, Singleton & Burroughs,* Con-
way, *for appellant.*

*Hammond A. Beale,* Columbia, *for respondents.*

Submitted Jan. 24, 1984.

Decided April 9, 1984.

SHAW, Judge:

The appellant — Myrtle Beach Lumber Co. appeals from an
order vacating a judgment of default entered against the

respondents. For the following reasons, we reverse and order the judgment of default reinstated.

The facts are undisputed in this action. It involves a liquidated account for goods sold and delivered to the respondent — Globe International by Myrtle Beach Lumber. Globe is owned and operated by the respondents — Mr. and Mrs. Helms who executed the contract of sale on behalf of Globe. On May 20, 1981, Myrtle Beach Lumber delivered the summons and complaint to the Horry County Sheriff for service on the respondents. The attorney for the respondents, James C. Pike, was notified by the sheriff that he was about to serve the respondents. Mr. Pike then contacted Mrs. Helms on June 2, 1981, and asked whether she wished him to accept service of the documents. According to a sworn affidavit submitted to the Circuit Court by Mr. Pike, Mrs. Helms responded affirmatively and further requested that he approach Myrtle Beach Lumber's attorney regarding a proposed installment payment arrangement.

Mr. Pike followed his clients' wishes and accepted the summons and complaint dated June 1, 1981, and then entered into negotiations with Myrtle Beach Lumber. No settlement was reached. During the course of negotiations, the twenty days for answering the complaint expired without an answer being served or filed. Myrtle Beach Lumber then obtained a default judgment in the amount of the liquidated account, $9,376.50 on June 23, 1981.

The respondents filed a notice of special appearance and motion to vacate the default judgment on the ground that they were improperly served. The Circuit Judge agreed stating that service of a summons and complaint on the parties' attorney rather than the parties themselves fails to satisfy the requirements of Section 15-9-520. The default judgment was declared to be null and void and of no effect.

Code Section 15-9-520, Code of Laws of South Carolina, ■ 1976,

In all cases other than those mentioned in this article, the summons shall be served by delivering a copy thereof to the defendant personally or to any person of discretion residing at the residence or employed at the place of business of the defendant.

This code section requires the summons to be served on the defendants by delivering a copy of it to them personally. However, a defendant may waive personal service by consent or by designating an agent to receive service of process. *Green Mountain College v. Levine*, 120 Vt. 332, 139 A. (2d) 822 (1958); *and cf.*, Section 15-9-210, Code of Laws of South Carolina, 1976 (summons served on corporations by delivering copy to agent thereof).

In this case, the defendants had actual notice of the pending litigation. By expressly authorizing their attorney to accept service of process for them, the defendants constituted him their agent for service of process, thereby waiving the requirement of personal delivery to them. Because it was accomplished in a manner consented to by the defendants, the service of process was valid and gave the court jurisdiction of the parties for the purpose of entering a default judgment.

Mrs. Helms specifically requested that her attorney accept service of the summons and complaint on her behalf and enter into negotiations to settle the debt owed. Mr. Pike carried out his clients' wishes. One of the significant features of our whole judicial system is that parties litigant may be, and usually are, represented by attorneys learned in the law, and these attorneys by virtue of the very name of their office stand for and in the place of their clients. An attorney is the alter ego of his client. *Anderson v. Anderson*, 198 S. C. 412, 18 S. E. (2d) 9 (1941).

Globe and the Helms had full knowledge of the gist of the complaint. Had they desired to answer the complaint in a timely manner, they could have readily done so. The actions taken by the Helms in this matter impliedly acknowledge the jurisdiction of the courts. Thus, their jurisdictional objection has been waived. If there has been any denial of due process, which this court doubts, it "is the result of a self-inflicted wound." *Patel v. Southern Brokers*, 277 S. C. 490, 289 S. E. (2d) 642 (1982). The judgment below is reversed and the judgment of the default reinstated.

Reversed.

SANDERS, C. J., and BELL, J., concur.