1114

INTEGRITY INSURANCE COMPANY, Respondent v. Howard A. TAYLOR, Clerk of the Charleston County Court, Appellant.

(367 S. E. (2d) 441)

Court of Appeals

*A. Arthur Rosenblum, Charleston Co. Atty.*, Charleston, *for appellant.*

*William C. Cleveland*, of *McKay & Guerard, P.A.*, Charleston, *for respondent.*

Heard Nov. 16, 1987.

Decided March 14, 1988.

*Per Curiam:*

This is an action in the nature of mandamus to require the Clerk of Court for Charleston County to accept, for docketing and entry upon the book of abstracts and indexing, transcripts of final judgments registered in the United States District Court for the District of South Carolina. The circuit court granted the relief sought. We have reviewed the judgment of the court and find that it correctly decides the question involved. Accordingly, we affirm. The order of the circuit court shall be printed (with minor editorial changes) as the opinion of this Court.

## ORDER OF THE CIRCUIT COURT

This action involves the Plaintiff's request to enter in the Court of Common Pleas transcripts of judgments issued by the United States District Court for the District of South Carolina. The judgments were originally obtained in the United States District Court for the District of New Jersey and subsequently registered in South Carolina pursuant to 28 U.S.C. Section 1963. The Defendant has refused to enter the transcripts, asserting that South Carolina Code Section 15-35-540, does not permit the entry of judgments originating in a District Court of a state other than South Carolina.

Although South Carolina Code Section 15-35-540 does not specifically refer to registered judgments, it must be read in conjunction with 28 U.S.C. Section 1963 which provides in pertinent part as follows:

A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

South Carolina Code Section 15-35-540 allows the entry of transcripts of final judgments of any District Court of this state. What is a final judgment of the District Court is a matter of Federal law. Federal cases interpreting 28 U.S.C. Section 1963 hold that registered judgments are the same as judgments originating in the District Court and have the

same force and effect. *Anderson v. Tucker*, 68 F.D.R. 461 (D. Conn. 1975); *Ohio Hoist Manufacturing Co. v. LiRocchi*, 490 F. (2d) 105 (6th Cir. 1974).

In *Anderson v. Tucker, supra*, the Plaintiff brought suit in the United States District Court for the District of Connecticut to enforce a judgment registered in Connecticut but originating in the California District Court. The Defendant moved to dismiss this suit on the grounds that the Plaintiff had failed to comply with the Connecticut version of the Uniform Enforcement of Foreign Judgments Act which sets forth the procedure for enforcing foreign judgments. In deciding the question, the Connecticut District Court applied state law pursuant to Fed. R. Civ. P. 69(a). The Court held that the Enforcement of the Foreign Judgments Act did not apply and that the judgments registered in Connecticut have the effect of judgments originating in the District Court of Connecticut.

> The judgments Anderson seeks to enforce have the effect of judgments of the District of Connecticut by virtue of 28 U.S.C. § 1963, quoted above. (Citations omitted) Thus they are not 'foreign' judgments, and the requirements of Conn. Gen. Stat. Ann. § 52-605 are inapplicable. *Id.* 463.

Similarly, in *Ohio Hoist Manufacturing Co. v. LiRocchi, supra*, the Plaintiff brought an abuse of process action claiming the Defendant had improperly registered a judgment pursuant to 28 U.S.C. Section 1963 which was not yet filed in the originating District Court. In considering the Plaintiff's standing to bring such a suit, the Court analyzed the legislative history of 28 U.S.C. Section 1963. The Court stated that once registered, a judgment has the same effect as if it had originated in that District.

> Under these authorities, the California judgment, once registered in the Northern District of Ohio, had the same effect as a judgment of the Northern District of Ohio. *Id.* at 107.

The identical issue presented here was addressed by the Texas Court of Appeals in *Reynolds v. Kessler*, 669 S.W. (2d) 801 (Tex. Ct. App. 1984). In that case, the judgment creditor,

when confronted with the fact that he had not filed a requisite information in the County Court, argued that the Texas state filing statute did not allow the filing of registered judgments and therefore he was entitled to a lien pursuant to 28 U.S.C. Section 1962 without regard to the deficiencies in complying with the State Court lien filing statute. The Texas statute provides as follows:

> An abstract of a judgment rendered in this State by any United States Court may be recorded and indexed in the same manner and with like force and effect as provided for judgments in the Courts of this State, upon the certificates of the clerks of such United States courts. *Id.* at 804.

The Texas Court acknowledged that its lien filing statute did not specifically address the issue of filing "registered" federal judgments, but held that its filing statute had to be read in conjunction with 28 U.S.C. Section 1963. *Id.* In doing so, the Court held that its lien filing statute did allow the entry of registered judgments. *Id.*

For the foregoing reasons, it is hereby ordered that the Plaintiff is entitled pursuant to South Carolina Code Section 15-35-540 to enter in the Court of Common Pleas for Charleston County transcripts of judgments registered in the United States District Court for the District of South Carolina.

It is therefore ordered that the Defendant is hereby required to accept for docketing, entry upon the book of abstracts and indexing, transcripts of final judgments registered in the United States District Court for the District of South Carolina.

It is so ordered.

*s/Don S. Rushing*
Don S. Rushing, Presiding Judge
9th Judicial Circuit

Affirmed.