683 S.E.2d 486

**FINANCIAL FEDERAL CREDIT INC., Appellant,**

**v.**

**Dennis BROWN, Gilbert W. Douglas, South Carolina Department of Revenue, and Unisun Insurance Company, Defendants,**

**Of whom, Dennis Brown is, Respondent.**

**No. 26721.**

Supreme Court of South Carolina.

Heard Feb. 4, 2009.

Decided Sept. 21, 2009.

Rehearing Denied Oct. 21, 2009.

---

556

Thomas E. Lydon, of McAngus, Goudelock & Courie, of Columbia, for Appellant.

Steven L. Smith, of Smith & Koontz, of Charleston, for Respondent.

Justice BEATTY:

This case involves the collection of a promissory note. Financial Federal Credit, Inc. (FFC Inc.), a Texas corporation, brought this action to foreclose a judgment against property owned by Dennis Brown in South Carolina after it obtained a default judgment against Brown in a Texas federal court. Brown filed a motion to dismiss, alleging the Texas default judgment was void due to a lack of personal jurisdiction. The circuit court granted Brown's motion to dismiss, and FFC Inc. appeals. We reverse and remand.

## I. FACTUAL/PROCEDURAL BACKGROUND

FFC Inc. provided financing to Gregg Construction Co., a South Carolina corporation, for the purchase of equipment. A Promissory Note dated April 29, 2002 was executed by Gregg Construction Co. in the total amount of $574,992.[1] Repayment of the loan was to be made in forty-eight monthly installments. Gregg Construction Co. did not make the payments as scheduled, however, so the full unpaid balance became due pursuant to an acceleration clause.

Prior to execution of the Promissory Note, Brown had signed a continuing Guaranty whereby Brown guaranteed all obligations of Gregg Construction Co. to FFC Inc. The Guaranty, signed on December 19, 2000, contained provisions regarding choice of venue and service of process.

Under the terms of the Guaranty, venue for any litigation was to be in Harris County, Texas. In addition, Brown agreed that First Federal Commercial, Inc., of Houston, Texas would be his attorney-in-fact and agent to accept or waive service of process, and that written notice of such service or waiver would be sent to Brown by FFC Inc. at the address he designated in the Guaranty within three days after the agent was either served or had executed a waiver. Brown's street address in Moncks Corner, South Carolina was listed on the Guaranty directly below his signature.[2]

---

**1.** By letter dated April 30, 2002, the Promissory Note was amended to reflect a change in the commencement date of the instrument to April 30, 2002.

**2.** The Guaranty specifically provided:

After Brown did not make the payments promised under the Guaranty, FFC Inc. filed a complaint in federal court in Texas pursuant to the parties' contractual agreement as to venue. The complaint was served on Mike Gallagher, Executive Vice President of First Federal Commercial, Inc., as Brown's attorney-in-fact and agent.

FFC Inc. sent notice to Brown at his designated address in South Carolina via certified mail (return receipt requested) and first class mail that it had served First Federal Commercial, Inc., his designated agent, with a complaint, a copy of which was enclosed. The certified mailing was returned unclaimed.

FFC Inc. obtained a default judgment against Brown in the United States District Court for the Southern District of Texas, Houston Division, in the amount of $210,750.02, plus interest. In the order granting default judgment, the court noted that Brown was served with process through his designated agent and was served with FFC Inc.'s motion for default judgment, but he had not responded to the complaint or the motion and was in default. The Texas default judgment was transferred to South Carolina and was recorded in the United States District Court for the District of South Carolina. A Transcript of Judgment was entered for $210,750.02 in the South Carolina federal court.

The Transcript of Judgment was subsequently recorded in the office of the Berkeley County Clerk of Court and enrolled as a judgment. The Berkeley County Clerk of Court issued a writ of execution to the Berkeley County Sheriff's Department

---

As a material part of the consideration for FFCI entering into ... one or more obligations from Subject or having Subject as an obligor thereon, Guarantor hereby irrevocably designates and appoints First Federal Commercial Inc., Houston, Texas as Attorney–in–Fact and Agent for Guarantor, and in Guarantor's name, place and stead to accept or waive service of any process (and for no other purpose) within the State of Texas, FFCI agreeing to give written notice of such service or waiver to Guarantor within three (3) days after such service was effected or such waiver was executed, by mailing such written notice to Guarantor's address as set forth below by certified mail, return receipt requested; and Guarantor does hereby agree to the jurisdiction and venue of any court located in Harris County, Texas, regarding any matter arising hereunder. Guarantor hereby waives the right to have a jury trial in any action, case or proceeding based on or relating hereto.

to satisfy the judgment from property owned by Brown in Berkeley County.

FFC Inc. filed the current action for Foreclosure of Judgment against Brown [3] in the Berkeley County Court of Common Pleas. Brown moved to dismiss the action pursuant to Rule 12(b)(6), SCRCP, for failure to state a claim for which relief could be granted. Specifically, Brown alleged the Texas default judgment was void due to a lack of personal jurisdiction and that FFC Inc. could not, therefore, enforce the judgment in South Carolina. Brown argued his due process rights were violated by FFC Inc.'s service of process on an agent who was essentially the same as FFC Inc. and who had an adverse interest. The circuit court granted Brown's motion.

## II. ISSUES

On appeal, FFC Inc. contends the circuit court erred in granting Brown's motion to dismiss because the court failed to limit its review to the facts alleged in the complaint, as required by Rule 12(b)(6), SCRCP, and the circuit court did not have the authority to rule on whether the Texas court lacked jurisdiction over Brown. FFC Inc. further contends that, even if the circuit court was within its authority to review whether Brown was properly served in the Texas lawsuit, the circuit court erred in dismissing its action because service upon Brown to obtain the default judgment was proper.

## III. LAW/ANALYSIS

### A. Scope of Motion to Dismiss

At the hearing on Brown's motion, FFC Inc. pointed out that Brown's motion to dismiss was technically made under Rule 12(b)(6), SCRCP, failure to state a cause of action, and that Brown did not specifically move pursuant to Rule 12(b)(2), SCRCP to dismiss for lack of jurisdiction over the

---

3. In its complaint, FFC Inc. also named as defendants Gilbert W. Douglas, the South Carolina Department of Revenue, and Unisun Insurance Company, stating they were named because they might claim an interest in or have a lien against the real estate that was the subject of the complaint. However, these defendants are not parties to this appeal.

person. During the ensuing colloquy, Brown reiterated that he was arguing a lack of due process because there was no personal jurisdiction to obtain the Texas default judgment and that the action to foreclose on the judgment should, therefore, be dismissed.

The circuit court inquired whether this was going to be the only argument FFC Inc. intended to make to challenge the motion because, even if FFC Inc. was correct, the issue would still come up at a later time. FFC Inc. stated it was prepared to address the merits of the case. The circuit court stated: "Well, let's address the merits of the case. Whether due process was denied and whether jurisdiction should have been granted in the State of Texas to begin with, though, that's the bottom line issue. And whether it comes up under 12(b) or summary judgment or directed verdict, it's got to be decided at some point in time." FFC Inc. expressly agreed, stating it was "prepared to address that" issue.

In our view, the circuit court did not err in considering the issue of a lack of personal jurisdiction and due process. The 12(b)(6) label notwithstanding, Brown expressly argued a lack of personal jurisdiction and due process in his motion to dismiss, so FFC Inc. was on notice that this was the issue before the court. In addition, FFC Inc. affirmatively consented at the hearing to consideration of the issue. The parties did, in fact, thoroughly argue the merits of the jurisdictional question at the hearing and FFC Inc. presented documents and law in support of its position. Thus, there is no error warranting reversal in this regard.

## B. Dismissal of Action

FFC Inc. next argues the circuit court erred in dismissing its action because service upon Brown was proper.

### (1) Enforcement of Judgments

As an initial matter, we note actions to enforce foreign judgments are generally brought pursuant to the Uniform Enforcement of Foreign Judgments Act, S.C.Code Ann. §§ 15–35–910 to –960 (2005 & Supp.2008), which was adopted in South Carolina in 1993. In the current action, however, FFC Inc. did not file a complaint pursuant to the Act; rather,

it transferred the Texas federal court judgment to a federal court in South Carolina, then recorded it in state court in Berkeley County, where it sought a judgment lien and foreclosure. Brown and FFC Inc. advised the circuit court at the hearing in this matter that they agreed the Act is not applicable here because the Texas judgment was transferred to a South Carolina federal court.

The circuit court did not apply the terms of the Act in this matter; however, section 15–35–540 of the South Carolina Code provides that a transcript of judgment from a South Carolina federal court may be indexed as a judgment in any county in this state:

> *A transcript of a final judgment* of any court of record of this State *or of any district or circuit court of the United States within this State* directing in whole or in part the payment of money, *may be docketed with the clerk of the court of common pleas in any county* and when so docketed shall be entered upon the book of abstracts and duly indexed *and shall have the same force and effect as a judgment of that court.* Any such transcript shall set out the names of the parties, plaintiff and defendant, the attorneys of record, the date and amount of the judgment, the time from which interest is to be computed and the amount of costs.

S.C.Code Ann. § 15–35–540 (2005) (emphasis added); *see Integrity Ins. Co. v. Taylor*, 295 S.C. 143, 367 S.E.2d 441 (Ct.App.1988) (stating section 15–35–540 allows the entry of transcripts of final judgments of any district court of this state).

### (2) Personal Jurisdiction

FFC Inc. contends the circuit court erred in dismissing its action against Brown as the Texas default judgment against Brown was not void due to a lack of personal jurisdiction.

"A judgment is void if a court acts without personal jurisdiction." *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006). "A judgment of a court without jurisdiction of the person or of the subject matter is not entitled to recognition or enforcement in another state, or to the full faith and credit provided for in the federal Constitution." 50 C.J.S.

*Judgments* § 986 (1997). "A court generally obtains personal jurisdiction by the service of a summons." *BB&T,* 369 S.C. at 551, 633 S.E.2d at 503.

"A judgment of a court of record of another state is entitled to the same presumptions of regularity in jurisdiction as a domestic judgment, and such presumption can be overthrown only by clear and convincing evidence of want of jurisdiction." 50 C.J.S. *Judgments* § 987 (1997) (footnote omitted). "Where a judgment recovered in a court of general jurisdiction in another state is relied on, and the record thereof is duly authenticated or certified, and produced in evidence, it will be presumed that the court had jurisdiction of the subject matter and the parties, in the absence of proof to the contrary or of a showing to the contrary by the record itself. . . ." *Id.* (footnote omitted).

At the hearing in this matter, Brown argued his due process rights were violated and that there was no personal jurisdiction to obtain the Texas default judgment because when FFC Inc. effected service on his appointed agent at First Federal Commercial, Inc., FFC Inc. merely "served itself" because the two entities were essentially the same. The circuit court agreed and ruled FFC Inc. was not entitled to enforce the Texas default judgment in South Carolina against Brown because the Texas judgment was void due to a lack of personal service and due process.

The circuit court relied upon the case of *George v. American Ginning Co.,* 46 S.C. 1, 24 S.E. 41 (1896). In *American Ginning,* the plaintiff, from New York, appointed William C. Brown, of South Carolina, the company's treasurer, as her attorney-in-fact to commence an action on a promissory note and attach the property of the defendant, American Ginning, a foreign corporation doing business in South Carolina. *Id.* at 2, 24 S.E. at 41. Brown procured a summons and complaint in the name of the plaintiff against the corporation, and the sheriff issued a return stating he had served the corporation by delivering a copy to a W.C. Brown, the treasurer. *Id.*

The corporation moved to vacate a default judgment, arguing service was insufficient because the service was made upon the same William C. Brown who was an officer of the corporation while he was acting as the attorney-in-fact for the plain-

tiff. *Id.* at 3, 24 S.E. at 41. The trial court refused to vacate the default judgment. *Id.* On appeal, this Court reversed, stating:

> The question, then, resolves itself into *an inquiry whether a person can legally commence an action against a foreign corporation, of which he happens to be an officer or agent, by serving himself* with the process or summons necessary to commence such action. So far as we are informed, there is no authority in this state upon the point; and we do not think any is needed to show that such a proposition, so utterly at variance with any proper conception of the due and orderly administration of justice, cannot for a moment be entertained. To concede such a proposition would open the door to the grossest fraud, which would be a reproach to the administration of justice. Of course, we do not mean to intimate that any fraud was intended in this particular case; but we cannot assent to a proposition which, if established, would afford such an easy mode of perpetrating frauds.

*American Ginning Co.*, 46 S.C. at 4, 24 S.E. at 42 (emphasis added).

*American Ginning* is not determinative here. *American Ginning* involved an officer of a corporation bringing an action against that corporation on behalf of a plaintiff, and then purporting to accept service on behalf of the corporation. The officer was essentially serving himself with the action. That inherently involves a conflict of interest that is readily apparent and offensive to any notion of due process. In the current appeal, however, FFC Inc. did essentially serve itself, but with the consent of Brown via the Guaranty agreement. Brown expressly consented to the appointment of the agent as well as to venue and received the benefits of the contract. He did not protest the appointment of the agent until after this action occurred. In *American Ginning,* there was no agreement as to the manner of service. In the current appeal, Brown specifically and expressly agreed to the manner of service and, further, he even waived personal service altogether.

Although service confers personal jurisdiction, "a defendant may waive personal service by consent or by designating an agent to receive service of process." *Myrtle Beach Lumber Co. v. Globe Int'l Corp.*, 281 S.C. 290, 292, 315 S.E.2d

142, 143 (Ct.App.1984). Further, where service is accomplished in a manner consented to by the defendant, service of process is valid and a court has jurisdiction over the defendant for purposes of entering judgment. *Id.*

In *Myrtle Beach Lumber Co.*, the defendants allowed their attorney to accept service of process and then asked him to try to negotiate a settlement. *Id.* at 291, 315 S.E.2d at 142. When no settlement was reached, the plaintiff obtained a default judgment. *Id.* The Court of Appeals held where the defendants had actual notice of the complaint and expressly authorized their attorney to be their agent to accept process, but then did not answer the complaint, the defendants' challenge to the imposition of a default judgment was without merit. *Id.* at 292, 315 S.E.2d at 143.

The Court of Appeals observed service was accomplished in the manner consented to by the defendants, and concluded: "If there has been any denial of due process, which this court doubts, it 'is the result of a self-inflicted wound.'" *Id.* (quoting *Patel v. S. Brokers*, 277 S.C. 490, 289 S.E.2d 642 (1982)).

In *Minorplanet Systems USA Limited v. American Aire, Inc.*, 368 S.C. 146, 628 S.E.2d 43 (2006), we considered a defendant's argument that a Texas default judgment should not be enforced in this state due to an alleged lack of personal jurisdiction. The defendant, however, had signed a contract containing a forum selection clause providing as follows:

Customer consents to the exclusive personal jurisdiction and venue of the State District Court residing in Dallas County, Dallas, Texas (or if applicable the Federal District Court for the Northern District of Texas, Dallas Division) for all litigation which may be brought with respect to ... this agreement.

*Id.* at 148, 628 S.E.2d at 44.

We held the forum selection clause was enforceable under Texas law and the default judgment was enforceable in South Carolina, noting that under Texas law, a defendant waives any objection to the lack of personal jurisdiction by agreeing to a clause naming Texas as the forum. *Id.* at 150, 628 S.E.2d at 45 (citing *In re AIU Ins. Co.*, 148 S.W.3d 109 (Tx.2004)). Further, we noted that "[u]nder South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforce-

able when made at arm's length by sophisticated business entities." *Id.* at 150 n. 1, 628 S.E.2d 43, 628 S.E.2d at 45 n. 1.

We stated that under Texas law, "enforcement of forum-selection clauses is mandatory unless the party opposing enforcement clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 150, 628 S.E.2d at 45 (quoting *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tx.2004)).

■ "[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).

■ Brown expressly consented to venue in Texas and to the manner of service FFC Inc. provided here, and he further consented to the *waiver* of personal service altogether. The law clearly provides that a party may not only consent to service via an agent, but may also consent to a waiver of service. *Nat'l Equip. Rental*, 375 U.S. at 315–16, 84 S.Ct. 411. FFC Inc. provided Brown with notice by sending Brown copies of the pleadings and other documents by certified mail (return receipt requested) and by regular mail to the address he provided for service of process. FFC Inc. followed all of the agreed-upon procedures for service. There is no indication the agent did not promptly send notice to Brown or that another agent would have effected service differently, so Brown has shown no prejudice in this regard. Further, Brown waived any argument about personal jurisdiction when he agreed to the venue and service clauses in the Guaranty. *See, e.g., Minorplanet*, 368 S.C. at 152, 628 S.E.2d at 46 (enforcing Texas default judgment where the defendant consented in advance to jurisdiction).

■ Moreover, "the effect and validity of a foreign judgment must be determined by the laws of the state that supplied the judgment." *Carson v. Vance*, 326 S.C. 543, 548, 485 S.E.2d 126, 128 (Ct.App.1997). The judgment to be enforced was from the Texas federal court. Thus, we should

look to Texas law regarding the sufficiency of service of process.

In the Texas federal district court, the Federal Rules of Civil Procedure provide that an individual may be served (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is effected or (2) by delivering a copy of the summons and complaint to an agent authorized to receive service of process. *See* Rule 4(e)(1), FRCP (providing for service in accordance with state law); *id.* Rule 4(e)(2), (allowing service upon an authorized agent).[4]

■ Under the Texas Rules of Civil Procedure, pleadings "may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery *or by certified or registered mail, to the party's last known address* . . . or by such other manner as the court in its discretion may direct. *Service by mail shall be complete upon deposit of the paper* . . . *in a post office* . . . . " Rule 21(a), Tex.R. Civ. P. (emphasis added); *cf. id.* Rule 106 (stating a citation may be served on a defendant by certified mail, return receipt requested). Thus, under Texas law, FFC Inc. gave proper service, even without the use of the agent, when it sent notice of the pleadings to Brown's last known address, the address he supplied in the Guaranty for service of process, by certified mail.

Accordingly, we hold that the trial court erred in granting Brown's motion to dismiss.

**REVERSED AND REMANDED.**

WALLER, J., concurs.

KITTREDGE, J., concurring in a separate opinion in which TOAL, C.J., and PLEICONES, J., concur.

Justice KITTREDGE:

I concur in the result reached by Justice Beatty and agree that the circuit court's order granting Brown's motion to

---

4. The provision regarding service upon an agent is now found at Rule 4(e)(2)(C), FRCP.

dismiss must be reversed. Service of the pleadings on Brown pursuant to Texas law ends his personal jurisdiction challenge. I write separately because I find it unnecessary to reach Brown's claim that FFC's service of its summons and complaint on itself violates due process.

Brown challenged the validity of the Texas default judgment and argued that it was void due to lack of personal jurisdiction. As Justice Beatty correctly observes, because this judgment originated in Texas, we must look to that state's laws to determine its effect and validity. *Minorplanet Systems USA Ltd. v. American Aire, Inc.*, 368 S.C. 146, 149, 628 S.E.2d 43, 45 (2006) ("The validity and effect of a foreign judgment must be determined by the laws of the state which rendered the judgment.").

A court must make two findings before it may find that it has personal jurisdiction over a particular defendant. The first requirement of personal jurisdiction is that a defendant have minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In this case, the forum selection clause contained in the Guaranty gave the Texas courts personal jurisdiction over Brown concerning his agreement with FFC. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex.2004) (recognizing that a defendant waives any objection to lack of personal jurisdiction by agreeing to a clause naming Texas as the forum). Brown has not challenged the validity of this portion of the forum selection clause.

Second, it must be determined whether service was proper under Texas law. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex.App.2005) (observing that if a defendant is amenable to the jurisdiction of a court, a plaintiff invokes that jurisdiction by valid service of process).

In my view, Justice Beatty's opinion conflates minimum contacts and service of process. The matter of minimum contacts is satisfied by the unchallenged venue selection provision. The service of process issue is resolved through service of the pleadings on Brown under Texas law. After FFC served itself with the pleadings, the pleadings were promptly served on Brown by certified mail to Brown's last known

address, as the parties' agreement required.[5] Rule 21(a), Tex.R.Civ.P. (providing that pleadings "may be served ... by certified or registered mail, to the party's last known address ... Service by mail shall be complete upon deposit of the paper ... in a post office...").

Accordingly, the service of the pleadings on Brown was proper. Because FFC established personal jurisdiction by demonstrating minimum contacts and proper service, Brown's personal jurisdiction challenge ends, making a resolution of his due process challenge to the validity of the self-service clause unnecessary.

Not only does the Court need not reach the due process challenge to self-service clauses, the facts of the case do not squarely present this issue. Contrary to Brown's assertion, the agreement between FFC and Brown does not contain a true self-service clause, for FFC (as Brown's agent) was required "to give written notice of such service or waiver to [Brown] within three (3) days after service was effected or such waiver was executed, by mailing such written notice to [Brown's] address ... by certified mail, return receipt requested." The contract therefore required notice to Brown of any process notwithstanding the ability of FFC to initially serve itself or waive service. Compliance with the Texas rules concerning service also satisfied this contractual provision. Consequently, the terms of this contract do not present a true self-service clause.

I am concerned that the opinion of Justice Beatty may be construed as giving this Court's imprimatur to self-service clauses in all contracts, regardless of the nature of the contract, the sophistication of the parties and other considerations. Justice Beatty notes that FFC "did essentially serve itself, but with the consent of Brown via the Guaranty agreement." Justice Beatty further states without reservation that "where service is accomplished in a manner consented to by the defendant, service of process is valid and a court has jurisdiction over the defendant for purposes of entering judg-

---

**5.** The Guaranty agreement required FFC, following either service of the pleadings on itself or waiver of service, to give written notice of such action to Brown within three days by certified mail, return receipt requested.

ment." I do not subscribe to the view that the presence of a self-service provision in a contract comports with due process in all cases. I am concerned the lead opinion may be giving an unintended green light for self-service clauses in the boiler-plate of every contract under the sun.

In my judgment, the posture of this case dictates we not reach the due process challenge. This is similar to the approach taken in *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). In *National Equipment*, defendants, who were Michigan farmers, leased farm equipment from the plaintiff corporation. The lease purported to authorize service of process on Florence Weinberg of Long Island, New York. Although not disclosed, Florence Weinberg was the wife of one of the plaintiff corporation's officers. Plaintiff commenced an action in New York alleging defendants failed to make payments under the lease. Plaintiff served defendants by having the pleadings delivered to Mrs. Weinberg. Significantly, plaintiff and Mrs. Weinberg also served defendants with the summons and complaint by certified mail in accordance with applicable service of process rules. Defendants defaulted and a judgment was entered for plaintiff. Defendants' effort to quash the service of the pleadings was ultimately decided by the Supreme Court. "Since [defendants] did in fact receive complete and timely notice of the lawsuit pending against them," the Court declined to reach the due process claim. *Id.* at 315, 84 S.Ct. 411. ("We need not and do not in this case reach the situation where no personal notice has been given to the defendant. Since the respondents did in fact receive complete and timely notice of the lawsuit pending against them, no due process claim has been made. The case before us is therefore quite different from cases where there was no actual notice . . .").

I would reverse the trial court only on the basis that Brown was subject to personal jurisdiction in Texas and was properly served with the pleadings under Texas law.

TOAL, C.J. and PLEICONES, J., concur.