

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00304-CV

BARRY NUSSBAUM                                                           APPELLANT

V.

BUILDERS BANK, AN ILLINOIS                                               APPELLEE
BANKING CORPORATION

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-265485-13

----------

## OPINION

----------

## I. INTRODUCTION

This appeal arises from competing summary-judgment motions filed in a bill-of-review proceeding. The primary issue we address in this appeal is whether a defendant's failure to update a contractually-agreed-to address for service of process—so that service of process is attempted via the Texas long-arm statute at the old agreed-to address set forth in the contract—constitutes

fault or negligence on the part of the defendant contributing to the entry of a default judgment against him. Because, for the reasons set forth below, we resolve this issue affirmatively, we will affirm the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Barry Nussbaum signed a guaranty agreement, guaranteeing repayment of a $4,526,871.00 loan made by Appellee Builders Bank, an Illinois Banking Corporation, to Meadowbrook 8B Limited Partnership (Borrower). Borrower subsequently defaulted on the loan, and in due course, Builders Bank sued Nussbaum for breach of the guaranty agreement. Nussbaum failed to answer, and Builders Bank obtained a default judgment against Nussbaum.

Subsequently, Nussbaum timely filed a bill-of-review proceeding challenging the default judgment. Nussbaum filed a traditional motion for summary judgment in the bill of review proceeding, claiming that the summary-judgment evidence conclusively established that he was not properly served with process. Nussbaum argued that absent service of process, he was entitled to a summary judgment setting aside the default judgment.

Builders Bank filed a cross-motion for summary judgment. Builders Bank argued that the summary-judgment evidence conclusively established Nussbaum's own fault or negligence as at least a partial cause of entry of the default judgment against him in the underlying lawsuit. Builders Bank asserted that, in light of the summary-judgment evidence establishing that Nussbaum's fault and negligence had contributed to the entry of the default judgment against

2

him, it had conclusively negated the third bill-of-review element and was therefore entitled to summary judgment.

The trial court denied Nussbaum's motion for summary judgment, granted Builders Bank's motion for summary judgment, and ordered Nussbaum's bill-of-review action dismissed with prejudice. Nussbaum perfected this appeal. He raises one issue, challenging both the trial court's denial of his motion for summary judgment and the trial court's granting of Builders Bank's motion for summary judgment.

## III. STANDARD OF REVIEW

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To obtain summary judgment, the movant must establish that there are no issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548 (Tex. 1985). "An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When reviewing a summary judgment, "[we] must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented." *Id.* at 755. When both sides move for summary judgment and the trial court grants one

3

motion and denies the other, the reviewing court should review both sides' summary-judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## IV. THE SUMMARY-JUDGMENT EVIDENCE

The summary-judgment evidence included the guaranty agreement and correspondence from Builders Bank. The May 20, 2005 guaranty agreement executed by Nussbaum provided, in pertinent part,[1]

> 17. **Notice**. All notices, communications and waivers under this Guaranty shall be in writing and shall be (i) delivered in person or (ii) mailed, postage prepaid, either by registered or certified mail, return receipt requested, or (iii) by overnight express carrier, addressed in each case as follows:
>
> . . . .
>
> to Guarantor:   Barry Nussbaum
> ----- Via De La Valle, Suite ---
> Del Mar, California 92014
>
> with a copy to:   Jesse Villarreal
> BNC Real Estate
> ------- Emily Road, Suite ---
> Dallas, Texas 75240
>
> *Or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other party hereto.*

---

[1]We omit the numerical address from our opinion pursuant to rule 9.9(a)(3) of the rules of appellate procedure. *See* Tex. R. App. P. 9.9(a)(3) (defining sensitive data as including home addresses).

. . . .

18. **CONSENT TO JURISDICTION**. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN TARRANT COUNTY, TEXAS. GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN TARRANT COUNTY, TEXAS, *WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.* [Italics added.]

Builders Bank sent a letter declaring the loan that Nussbaum had guaranteed to be in default; the letter was mailed to Nussbaum at the above address set forth in the guaranty agreement, and the letter shows a courtesy copy was mailed to Jesse Villarreal at the address listed for him in the guaranty agreement.[2]

Builders Bank filed suit on January 14, 2009, alleging that Nussbaum was a California resident doing business in Texas; Builders Bank's original petition recites that Nussbaum could be served with citation through the Texas Secretary of State and states the above address as Nussbaum's home or office address. The summary-judgment evidence contains a *Whitney*[3] certificate from the Texas Secretary of State certifying that a copy of the citation and the original petition

---

[2]An affidavit by Builders Bank's Chief Executive Officer establishes that the letters referenced herein were mailed by Builders Bank and sets forth the addresses they were mailed to.

[3]*Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973).

5

was received by that office on January 20, 2009; was forwarded on January 22, 2009, to Nussbaum at the address above; and was returned bearing the notation, "No Forwarding Order on File."

On May 19, 2009, Builders Bank filed a first-amended original petition, which recites that Nussbaum may be served at the address above, except the zip code of the address was changed to 94014 instead of 92014. The summary-judgment evidence contains a second *Whitney* certificate from the Texas Secretary of State certifying that a copy of the citation and first amended petition was received by that office on May 22, 2009; was forwarded on May 26, 2009, to Nussbaum at the address above—the Secretary of State's return of service recites the 92014 zip code; and was returned bearing the notation, "No Forwarding Order on File."

Nussbaum executed a summary-judgment affidavit stating that he had moved from the Via De La Valle address listed in the guaranty agreement in 2006, that he did not ever receive citation in the underlying suit, and that he was unaware of the default judgment entered against him until Builders Bank attempted to domesticate the judgment in a proceeding in California. In his deposition, Nussbaum testified that he never designated by written notice to Builders Bank a current address for notice and service per the terms of the guaranty.

6

## V. APPLICABLE LAW

### A. Bill of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The fundamental policy that finality must be accorded to judgments makes the grounds upon which a bill of review will be granted narrow and restricted. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004). Bill-of-review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake; (3) unmixed with any fault or negligence on their own part. *Caldwell*, 154 S.W.3d at 97.

A bill-of-review plaintiff claiming no service is relieved of the obligation to prove the first two elements because a judgment entered without notice is constitutionally infirm regardless of whether the plaintiff possesses a defense he was prevented from making. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85, 108 S. Ct. 896, 899 (1988). A bill-of-review plaintiff alleging that he was not served, however, is still required to prove the third bill-of-review element—that

the judgment was rendered unmixed with any fault or negligence of his own.[4] *Caldwell*, 154 S.W.3d at 97. This third element may be considered established if the plaintiff proves that he was not served with process due to no fault or negligence on his part because, generally, an individual who is not served cannot be at fault in allowing a default judgment to be entered. *Id.* But a bill-of-review plaintiff who is not served with process because of his own fault or negligence is not entitled to relief in an equitable bill of review. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding bill-of-review plaintiff not served with process because of failure to update the address of registered agent for service of process was not entitled to bill-of-review relief based on own fault or negligence); *Zuyus v. No'Mis Commc'ns, Inc.*, 930 S.W.2d 743, 746–47 (Tex. App.—Corpus Christi 1996, no writ) (holding bill-of-review plaintiff not served with process because of failure to "claim" service of process properly mailed to him was not entitled to bill-of-review relief based on own fault or negligence); *see also Labra v. Labra*, No. 04-13-00285-CV, 2014 WL 3611551, at *2 (Tex. App.— San Antonio July 23, 2014, no pet.) (mem. op.) (holding bill-of-review plaintiff who did not receive notice of dispositive hearing because of failure to update her current address on file with the trial court was not entitled to bill-of-review relief based on own fault or negligence).

---

[4]To the extent that Nussbaum asserts the contrary proposition of law as part of his sole issue, we overrule this portion of his issue.

## B. Right of Contract Concerning Notice and Service

As a fundamental matter, Texas law recognizes and protects a broad freedom of contract. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 95 (Tex.), *cert. denied*, 132 S. Ct. 455 (2011). The Texas Supreme Court "has long recognized Texas'[s] strong public policy in favor of preserving the freedom of contract." *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008) (upholding parties' right to contract for insurance coverage of exemplary damages for gross negligence in the workers' compensation context). The supreme court has repeatedly explained that

> if there is one thing which more than another public policy requires it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts when entered into freely and voluntarily shall be held sacred and shall be enforced by Courts of justice.

*Nafta Traders*, 339 S.W.3d at 95–96. Consequently, "[a]s a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129–30 (Tex. 2004) (orig. proceeding) (holding parties may contract to waive right to jury trial). "Parties are free, of course, to contract out of statutory default rules . . . and may even contractually waive constitutional rights." *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 112 (Tex. 2010).

Parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether. *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16,

9

84 S. Ct. 411, 414, (1964); *In re AIU Ins. Co.*, 148 S.W.3d 109, 114 (Tex. 2004) (orig. proceeding) (recognizing as issue of first impression that contractual forum-selection clauses are enforceable). Parties who contractually agree to a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed. *See, e.g.*, *Lease Fin. Grp., LLC v. Moore*, 2014 WL 300800, at *1–2 (N.Y. App. Div. Jan. 28, 2014) (declining to set aside default judgment when service of process was attained in accordance with provision of parties' equipment finance lease/guaranty agreement). When a party to a contract agrees or consents to a certain manner of service and service is accomplished in that manner, "if there has been any denial of due process, . . ., it is the result of a self-inflicted wound." *Fin. Fed. Credit Inc. v. Brown*, 683 S.E.2d 486, 491 (S.C. 2009) (holding Texas default judgment on guaranty agreement was not void for lack of service of process when nonresident defendant was served by Texas plaintiff in accordance with service-of-process provisions defendant consented to in guaranty agreement signed by defendant); *Nat'l Equip. Rental, Ltd. v. Polyphasic Health Sys., Inc.*, 490 N.E.2d 42, 46 (Ill. App. Ct. 1986) (explaining that Illinois recognizes service of process through agreed means; the parties to a guaranty agreed to the method of service).

## VI. APPLICATION OF THE LAW TO THE PRESENT FACTS

Nussbaum raises one issue and three subissues on appeal. We first address Nussbaum's second and third subissues asserting that the trial court erred by granting Builders Bank's motion for summary judgment. Builders Bank moved for summary judgment on the ground that Nussbaum was not entitled to bill-of-review relief because the summary-judgment evidence conclusively negated the third bill-of-review element—that entry of the default judgment against Nussbaum was not attributable to or mixed with Nussbaum's fault or negligence.

Viewing the summary-judgment evidence in the light most favorable to Nussbaum, as the nonmovant, it conclusively establishes that on May 20, 2005, Nussbaum signed a $4.5 million guaranty. Nussbaum agreed—per the terms of the guaranty that he signed—that notices and service of process concerning the guaranty could be mailed to him by certified or registered mail at the Via De La Valle, Del Mar address. The parties to the guaranty were free to agree to this contractual provision; it is not against any law and does not violate any public policy. *See Nat'l Equip. Rental, Ltd.*, 375 U.S. at 315–16, 84 S. Ct. at 414 (recognizing parties' rights to contractually agree to terms of service of process); *Nafta Traders*, 339 S.W.3d at 95; *Solar Applications Eng'g, Inc.*, 327 S.W.3d at 112; *Fairfield Ins. Co.*, 246 S.W.3d at 664; *Prudential Ins. Co. of Am.*, 148 S.W.3d at 129–30; *see also Fin. Fed. Credit Inc.*, 683 S.E.2d at 491; *Nat'l Equip. Rental, Ltd.*, 490 N.E.2d at 46. Although Nussbaum contractually agreed to

11

service of process by certified mail or registered mail at the Via De La Valle, Del Mar address, he moved from that address in 2006 and failed to provide, per the terms of the guaranty, written designation to Builders Bank of an updated address for notice and service of process concerning the guaranty. Consequently, Builders Bank sent all notices required under the guaranty, including notice of default of the underlying loan, to Nussbaum at the address designated in the guaranty—the Via De La Valle, Del Mar address—and mailed a copy to Jesse Villarreal at the address listed for him in the guaranty agreement. Builders Bank's petitions identified the Via De La Valle, Del Mar address as the home address or home office address, and the Texas Secretary of State mailed service of process to Nussbaum via certified mail to that address. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a) (West 2015). Thus, to the extent that Nussbaum failed to receive notice or service of process concerning Builders Bank's suit against him for breach of the guaranty agreement he had signed, such failure was the result of a self-inflicted wound based on his own fault or negligence in failing to provide to Builders Bank a written designation of a current address for service. *See Campus Invs., Inc.*, 144 S.W.3d at 466; *Labra*, 2014 WL 3611551, at *2; *Zuyus*, 930 S.W.2d at 746–47; *see also Fin. Fed. Credit Inc.*, 683 S.E.2d at 491. Because the summary-judgment evidence conclusively negates the third bill-of-review element Nussbaum bore the burden of establishing—that the default judgment was rendered unmixed with his fault or negligence—Builders Bank was entitled to summary judgment. *See Campus*

12

*Invs., Inc.*, 144 S.W.3d at 466; *Labra*, 2014 WL 3611551, at *2; *Zuyus*, 930 S.W.2d at 746–47. We hold that the trial court did not err by granting Builders Bank's motion for summary judgment; we overrule Nussbaum's second and third subissues.

Nussbaum's issue and his first subissue complain that the trial court erred by denying his motion for summary judgment because he was not served with process. Because we have held that the summary-judgment evidence conclusively negates the third bill-of-review element Nussbaum bore the burden of establishing, even if Nussbaum was not served with process, he is still precluded from obtaining bill-of-review relief because of the role his own fault or negligence played in the entry of the default judgment against him. *See Campus Invs., Inc.*, 144 S.W.3d at 466 (holding bill-of-review plaintiff not served with process not entitled to bill-of-review relief based on own fault or negligence); *Labra*, 2014 WL 3611551, at *2 (same); *Zuyus*, 930 S.W.2d at 746–47 (same). Consequently, we need not address whether proper service on Nussbaum was established by the *Whitney* certificates from the Texas Secretary of State.[5] *See*

---

[5]We do note, however, that the following cases appear contrary to Nussbaum's position that he was not properly served. *See Campus Invs., Inc.*, 144 S.W.3d at 466 (holding that "[w]hen substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf"); *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) (holding that absent fraud or mistake, the secretary of state's *Whitney* certificate is conclusive evidence that the Secretary of State, as agent for the nonresident, received service of process and forwarded the service as required by the statute); *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 620–21 (Tex. App.—Dallas 2014, no pet.) (holding certificate from secretary of state

Tex. R. App. P. 47.1 (requiring appellate court to address issues necessary for final disposition of the appeal).

## VII. CONCLUSION

Having overruled Nussbaum's second and third subissues and having determined that we need not address the remainder of his issue, we affirm the trial court's summary judgment for Builders Bank.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

SUDDERTH, J., dissents without opinion.

DELIVERED: July 2, 2015

---

indicating service was returned "unclaimed" conclusively established service under long-arm statute); *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 772 (Tex. App.—Fort Worth 1990, no writ) ("The fact that the certificate from the Secretary of State evidenced that process was forwarded by certified mail was sufficient to grant jurisdiction over the defendant."); *see also Williamson v. State*, Nos. 03-11-00786-CV, 03-12-00344-CV, 2013 WL 3336869, at *3–4 (Tex. App.—Austin June 26, 2013, pet. denied) (mem. op.).